PER CURIAM
Granted. The record in this case does not support a finding that res judicata was precluded by exceptional circumstances. Plaintiff's lawsuit here is based on the same allegations of domestic abuse that she voluntarily dismissed with prejudice in the consent judgment wherein the defendant agreed to provide substantial "rehabilitative support." The language of the consent judgment indicates plaintiff agreed to dismiss with prejudice her claims of physical violence and domestic abuse against her husband and that she received a substantial sum ($4000 for thirty-six months) in the form of "rehabilitative spousal support." As Judge Lombard noted in his dissent at the court of appeal, this compromise was negotiated for Mrs. Hoddinott by competent counsel and she voluntarily entered into the consent judgment. When the language of a consent judgment is clear and explicit, no further interpretation may be made in search of the parties' intent. The ruling of the court of appeal is reversed and the trial court's judgment is reinstated.
WEIMER, J., would grant and docket.
CLARK, J., would deny the writ.